IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:07CR172 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JOE ALLEN GOMEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the Court on an Amended Petition for Action on Conditions of Pretrial Release (#21). On August 24, 2007 Pretrial Services Officer Troy Greve submitted a Petition for Action on Conditions of Pretrial Release alleging that Defendant had violated conditions of release as follows:

1.  *The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.*

*(Federal law makes it a crime punishable by up to five years imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.)*

7 (m)  *The defendant shall not possess or use a narcotic drug or other controlled substances defined in 21 U.S.C. 802 unless prescribed by a licensed medical practitioner.*

7 (o)  *The defendant shall submit to any method of testing at his/her expense as required by the officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and may include urine testing, the wearing of a sweat patch, blood tests, and/or a remote alcohol testing system. Defendant shall not obstruct or tamper in any fashion with the efficiency and accuracy of any substance abuse testing equipment, nor submit samples of body fluids which are not his/her own, nor otherwise adulterate any samples submitted for testing. All collections of fluids for testing shall be at the defendant's expense, payable at the time of collection.*

> On or about June 26, 2007, the defendant "slashed" four tires on a vehicle owned by Brian Boyle in North Platte according to a witness's information provided during an interview with F.B.I. Agent Drew Armstrong, in violation of condition 1.
>
> On or about July 11, 2007, the defendant threw a beer bottle hitting a vehicle owned by Brian Boyle in North Platte according to a witness's information provided during an interview with F.B.I. Agent Drew Armstrong, in violation of condition 1.
>
> On or about August 16, 2007, the defendant possessed and used marijuana as indicated in a urinalysis on this date which tested positive for THC Metabolite, in violation of condition 7 m.
>
> On August 21, 2007, the defendant failed to appear for a random urinalysis test at Lutheran Family Services, a urinalysis vendor, in violation of condition 7 o.

A warrant for Defendant's arrest was issued.

Defendant appeared before the undersigned magistrate on August 28, 2007. Julie Hansen represented Defendant. Robert Sigler , Assistant United States Attorney represented the Government. After being advised of the nature of the allegations, rights, and the consequences if the allegations were found to be true, Defendant admitted the allegations of August 16, 2007 and August 21, 2007. The Court took judicial notice of the Memorandum of Pretrial Services Officer Troy Greve dated August 22, 2007. The Court finds the allegations set out in the petition are generally true and finds the Defendant violated the conditions of release.

After providing both parties an opportunity for allocation as to disposition and considering the report of Pretrial Services, I find the Order Setting Conditions of Release (#12) should be revoked. I find Defendant is unlikely to abide by conditions of release. I find that there is no condition or combinations of conditions that would reasonably assure Defendant's presence for further proceedings, or the safety of the community if Defendant were to be released upon conditions.

**IT IS ORDERED:**

1. The Amended Petition for Action on Conditions of Pretrial Release (#21) is granted;

      2.  The May 31, 2007 Order Setting Conditions of Release (#12) is hereby revoked; and

      3.  Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of the Court of the United States or on the request of an attorney for the Government, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for purpose of an appearance in connection with a court proceeding.

      Dated this 28th day of August 2007.

                                    BY THE COURT:

                                    s/ F. A. Gossett
                                    United States Magistrate Judge